UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RONALD SATISH EMRIT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 23-CV-0278-CVE-MTS |
| | ) | |
| **SABINE AISHA JULES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

On July 7, 2023, plaintiff Ronald Satish Emrit filed a pro se complaint (Dkt. # 2) and a motion to proceed in forma pauperis (Dkt. # 3). The Court addresses plaintiff's complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" See 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)); see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff seeks an "injunction as an equitable remedy in the form of an annulment" of a previous marriage. Dkt. # 2, at 1. He alleges that on August 31, 2002, he and the defendant were married in Las Vegas, Nevada, and then in 2006 they divorced in Florida. Id. at 3, 6. None of the events alleged in the complaint

transpired in, nor had any relation to, Oklahoma. Further, plaintiff does not allege that either party has any connection to Oklahoma. Plaintiff states that he is a "resident of the state[s] of Florida and Maryland,"[1] and believes that defendant lives in Florida. Id. at 3.

Plaintiff asserts that obtaining an annulment in this matter is "extremely important" to him because his "fiance [sic] from [] Ukraine does not know that he was married before to a Haitian-American woman and the plaintiff does not want to have to inform his current fiance [sic] that he was married before . . . ." Id. at 5. In addition, and though she is not a defendant, plaintiff "does not want [Yanick Emrit] appearing out of nowhere . . . claiming to be [his] daughter" as his parental rights were terminated in June 2009. Id. at 5, 7.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case"); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction"). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction

---

[1] For current purposes, the Court will assume without deciding that plaintiff is a citizen of Maryland.

exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

In his complaint, plaintiff alleges that the Court "has jurisdiction on the grounds of diversity and a federal question presented." Dkt. # 2, at 4. Plaintiff is mistaken as to at least one of these bases. Diversity jurisdiction is not satisfied because, although the Court assumes without deciding that the parties have diversity of citizenship, plaintiff plainly states that "the amount in controversy does not exceed $75,000." Therefore, the Court cannot have subject matter jurisdiction pursuant to 28 U.S.C § 1332.

The Court will also consider whether plaintiff's complaint could be construed to allege a claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)). Plaintiff states "this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." Dkt. # 2, at 4. Plaintiff also asserts an "implied fundamental right" to have a "Stepford

wife from [] Ukraine [] be his only legally-recognized marriage," which is "protected by 4th Amendment right to privacy and Due Process Clause of the 5th and 14th Amendments and the 13th Amendment abolishing slavery and indentured servitude." Id. at 2. Plaintiff also states he is "'forum shopping' in several federal courts" to obtain the desired annulment, even though he already obtained his divorce in Florida state court, and cites to the Uniform Interstate Family Support Act (UIFSA). Id.

The Court fails to see how plaintiff alleges a claim under any of the cited federal law. However, the Court need not determine whether plaintiff has adequately stated a claim under any of those laws because venue does not lie in this district and so plaintiff's action should be dismissed. The Tenth Circuit has stated that, in the "context of affirmative defenses . . . *sua sponte* dismissal on such grounds should be 'reserved for those extraordinary instances when the claim's factual backdrop clearly beckons the defense,'" and that the "same caution applies to *sua sponte* dismissals for lack of personal jurisdiction and improper venue." Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting Fratus v. DeLand, 49 F.3d 673, 676 (10th Cir. 1995)). "Accordingly, under [28 U.S.C.] § 1915, the district court may consider personal jurisdiction and venue *sua sponte* only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." Trujillo, 465 F.3d at 1217 (quotations omitted). "[T]he district court may dismiss under § 1915 only if it is clear that the plaintiff can allege no set of facts to support personal jurisdiction or venue." Id. (quotations and alterations omitted); see also Fratus v. DeLand, 49 F.3d 673, 676 (10th Cir. 1995) ("Section 1915 dismissal on the basis of an affirmative defense which the district court raises *sua sponte* is reserved for those extraordinary instances when the claim's factual backdrop clearly beckons the defense."); Johnson v. Christopher, 233 F. App'x 852, 853 (10th Cir.

2007)[2] (acknowledging a "district court's authority under 28 U.S.C. § 1915(e) to dismiss *sua sponte* cases not merely on their merits but also based upon improper venue" and quoting Trujillo, 465 F.3d at 1217 for the proposition that "[t]his procedure is appropriate where 'the defense is obvious from the facts of the complaint and no further factual record is required to be developed,' and 'only if it is clear that the plaintiff can allege no set of facts to support . . . venue'" (quotations and omissions in original)). This is one such case. The Court finds that venue is clearly inappropriate in the Northern District of Oklahoma because no party resides in this district and no events are alleged to have occurred in this district. See 28 U.S.C. § 1391(b).

The Court notes it has discretion not only to dismiss plaintiff's action but also to transfer it to a different venue. See 28 U.S.C §§ 1404, 1406; Doering ex rel. Barrett v. Copper Mtn., Inc., 259 F.3d 1202, 1209 n. 3 (10th Cir.2001) ("The district court had the authority either to dismiss or transfer the case for improper venue or lack of personal jurisdiction."). However, as then-Judge Gorsuch noted, "Section 1406(a) indicates that the district court 'shall dismiss' a case filed in an inappropriate venue unless it finds the interests of justice would be served by transfer." Johnson, 233 F. App'x at 854. Here, the Court finds that the interests of justice would not be served by transfer. As previously stated, not only did plaintiff file this action in an obviously improper venue, but also it is likely frivolous and without merit. Further, as plaintiff filed the present action just four days ago, there is no reason to believe plaintiff will suffer any injustice from this dismissal rather than a transfer, such as by being time-barred from refiling in an appropriate venue, should one exist. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (recognizing the loss of "a substantial part

---

[2] This unpublished opinion is not precedential, but may be cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

of [plaintiff's] cause of action under the statute of limitations" as a "typical example of the problem [Congress] sought to [avoid]" in enacting § 1406). Therefore, plaintiff's complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1406(a).

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed without prejudice** for improper venue. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 3) is **moot**.

**DATED** this 11th day of July, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE